**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

*FILED IN CLERK'S OFFICE*
*U.S.D.C. - Newnan*

*FEB 20 2008*

*James N. Hatten, Clerk*
*By: Deputy Clerk*

| | |
|---|---|
| RONNIE CARNEY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| CENTRAL CREDIT SERVICE, | : |
| INC., a Florida corporation, | : |
| | : |
| Defendant. | : |

CIVIL ACTION FILE
NO. **08-CV-020-JTC**

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1.  This is an action for damages against the defendant for violations of the

    Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

### SUBJECT MATTER JURISDICTION

2.  Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C.

    section 1692k(d) and 28 U.S.C. section 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

3.     Plaintiff is a resident of this State, District and Division who is authorized by law to bring this action.

4.     Defendant CENTRAL CREDIT SERVICES, INC. is a corporation formed under the laws of the state of Florida. [Hereinafter, said defendant is referred to as "CCS."]

5.     CCS is subject to the jurisdiction and venue of this Court.

6.     CCS may be served by personal service upon its registered agent in Georgia, to wit: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

7.     Alternatively, CCS may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the states of Georgia or Florida.

## FACTS COMMON TO ALL CAUSES

8.     CCS uses the mails in its business.

9.     CCS uses telephone communications in its business.

- 2 -

10.   The principle purpose of CCS's business is the collection of debts.

11.   CCS regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

12.   CCS is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

13.   In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, CCS communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

14.   In or around January 2008, CCS left a series of recorded voice message for Plaintiff requesting a return call.

15.   In the telephone messages, CCS's callers did not properly identify the defendant.

16.   In the telephone messages, CCS's callers did not state that the communications were from a debt collector.

17.   In the telephone messages, CCS's callers did not state that the communications were an attempt to collect a debt.

18.   In some of the telephone messages, CCS's callers left a reference of "file number," or words to that effect.

- 3 -

19.   In some of the telephone messages, CCS's callers stressed that the call was
      "very important" or "time sensitive."

20.   Defendant's communications violate the Fair Debt Collection Practices Act.

21.   Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

22.   The acts of the defendant constitute violations of the Fair Debt Collection
      Practices Act.

23.   Defendant's violations of the FDCPA include, but are not limited to, the
      following:

24.        The placement of telephone calls without meaningful disclosure of
           the caller's identity, in violation of 15 U.S.C. § 1692d(6);

25.        The use of any false, deceptive, or misleading representations
           or means in connection with the collection of any debt, in
           violation of 15 U.S.C. section 1692e; and

- 4 -

26.     The failure to disclose in subsequent communications that the

        communication is from a debt collector, in violation of 15

        U.S.C. § 1692e(11).

27.     As a result of the defendant's actions, Plaintiff is entitled to an award of

        statutory damages, as well as an award of costs and attorney fees.


WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT

JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF

PLAINTIFF, AS FOLLOWS:

    a)      That Plaintiff be awarded statutory damages;

    b)      That Plaintiff be awarded the expenses of litigation including a

reasonable attorney fee;

    c)      That the Court declare each and every defense raised by Defendant to

be insufficient; and

    d)      That the Court grant such further and additional relief as is just in the

circumstances.

        Respectfully submitted,

- 5 -

**THE LAW OFFICE OF KRIS SKAAR, P.C.**

by: _____

Kris Skaar
Attorney for Plaintiff
Georgia Bar No. 649610

P.O. Box 1478 ● Marietta, GA 30061-1478
331 Washington Avenue ● Marietta, GA  30060
voice (770) 427 - 5600 ● fax (770) 427 - 9414
krisskaar@aol.com

- 6 -